UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR RUIZ,<br><br>      Petitioner,<br>  v.<br><br>ELKO COUNTY JAIL, *et al.*,<br><br>      Respondents. | Case No. 3:23-cv-00354-MMD-CSD<br><br>ORDER |

*Pro se* Petitioner Victor Ruiz has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) Ruiz did not properly commence this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). On July 18, 2023, this Court gave Ruiz until September 1, 2023, to either pay the $5 filing fee or submit a complete IFP application. (ECF No. 3.) On July 31, 2023, Ruiz submitted a new IFP application. (ECF No. 4.) However, it was not clear that his financial certificate had been signed by an authorized prison official (*see id*. at 4), and he did not include a copy of his account statement. Regarding his account statement, Ruiz requested that the Court "call and get it faxed" because "its becoming a hassle to get that information." (ECF No. 4-1 at 1.) This Court indicated that it was not inclined to waive any requirements regarding Ruiz's IFP application. Instead, the Court gave Ruiz one more chance to comply. (ECF No. 5.) On August 23, 2023, Ruiz again filed a deficient IFP application, explaining that the Elko County Detention Center, where he is currently housed, refuses to provide a six-month account statement for him. (ECF Nos. 6, 6-1.) This Court appreciates that some county detention facilities, as compared to the Nevada Department of Corrections, may not have

a regulated system for providing IFP documents to prisoners. However, because Ruiz's Petition is entirely unexhausted, as is discussed below, this Court declines to give Ruiz another chance to get his six-month account statement and instead dismisses the Petition without prejudice.

According to Ruiz's Petition, on May 23, 2023, a judgment of conviction was entered in the Fourth Judicial District Court for the State of Nevada, convicting Ruiz of conspiracy to commit theft. (ECF No. 1-1 at 2.) Ruiz alleges that he appealed his judgment of conviction and that his appeal was decided on July 7, 2023. (*Id.* at 1.) Ruiz also alleges that he filed a state habeas petition, his state habeas petition was denied by the state court, he appealed the denial of that petition, and that appeal was decided on July 7, 2023. (*Id.*) Although the Fourth Judicial District Court for the State of Nevada does not have online docket records, meaning that this Court is unable to verify Ruiz's state court information, this Court finds this timeline questionable. First, Ruiz's judgment of conviction was only entered three months ago, and the appellate process takes considerable time. Second, a search of the Nevada state appellate courts' docket reflects that Ruiz has not sought appellate review in any capacity.

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains

unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Ruiz has not alleged or demonstrated that he has fully exhausted his state court remedies. *See, e.g., Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that a California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims). As such, Ruiz has outstanding avenues of state court relief, including, but not limited to, motions, petitions for habeas relief, petitions for mandamus relief, and appeals to Nevada's appellate courts. As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada appellate courts an opportunity to redress any violation of Ruiz's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). Accordingly, the Petition is entirely unexhausted, warranting dismissal.[1]

It is therefore ordered that the Petition (ECF No. 1-1) is dismissed without prejudice. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.

---

[1] If necessary, Ruiz may file a new federal habeas petition in a new action upon exhaustion of his state court remedies.

It is further ordered that the motions for leave to proceed *in forma pauperis* (ECF Nos. 1, 4, 6) are denied as incomplete.

It is further ordered that the Clerk of Court: (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents; (3) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's Office of the Petition (ECF No. 1-1), this order, and all other filings in this matter by regenerating the notices of electronic filing[2]; (4) enter final judgment dismissing this action without prejudice; and (5) close this case.

DATED THIS 25th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.